This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Jason West, appeals the decision of the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Appellant was indicted for one count of burglary in violation of R.C. 2911.12(A)(2), five counts of grand theft in violation of R.C. 2913.02, one count of theft in violation of R.C. 2913.02(A)(1), and one count of arson in violation of R.C. 2909.03(A)(1). After initially pleading not guilty, appellant pled guilty to all charges. The trial court ordered a presentence investigation report and a victim impact statement. Appellant was found guilty and sentenced to a total of nine years incarceration.
 {¶ 3} Appellant timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR {¶ 4} "WHETHER THE TRIAL COURT PROPERLY IMPOSED NON-MANDATORY CONSECUTIVE SENTENCES UNDER OHIO REVISED CODE SECTION 2929.14."
 {¶ 5} In his sole assignment of error, appellant argues that the court erred when it sentenced him to serve non-mandatory consecutive sentences. Specifically, appellant argues that the trial court failed to make adequate findings required by R.C. 2929.14(E)(4) and adequate statements of reasons required by R.C. 2929.19(B)(2)(c) to justify the imposition of consecutive sentences against him. This Court disagrees.
 {¶ 6} R.C. 2929.14(E)(4) sets forth the findings the trial court is required to make before the imposition of consecutive sentences:
 {¶ 7} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 8} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 9} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 10} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 11} Additionally, R.C. 2929.19(B)(2)(c) requires the trial court to state its reasons for imposing consecutive sentences under R.C.2929.14. If a trial court fails to make the required findings, the appellate court "shall remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings." R.C. 2953.08(G)(1).
 {¶ 12} This Court has held that these findings need not be in the sentencing transcript if they are articulated in the journal entry. Statev. Riggs (Oct. 11, 2000), 9th Dist. No. 19846. See, also, State v.Edmonson (1999), 86 Ohio St.3d 324, 327. Therefore, this Court may review both the hearing transcript and the journal entry when determining if the trial court complied with the statutory requirements. State v. Nixon
(Apr. 25, 2001), 9th Dist. Nos. 00CA007638 and 00 CA007624.
 {¶ 13} Appellant argues that the trial court did not give its reasons for making the findings under R.C. 2929.14(E)(4).
 {¶ 14} With regard to its imposition of consecutive sentences, the journal entry of appellant's sentence states:
 {¶ 15} "The Court further finds, pursuant to O.R.C. 2929.14(E)(3), that consecutive sentences are necessary to protect the public and punish the offender, not disproportionate to the conduct and to the danger the offender poses, and the crimes were committed while awaiting trial/sentencing, under sanction, or under post-release control; the harm was so great or unusual that single term does not adequately reflect the seriousness of the conduct; and the offender's criminal history shows that consecutive terms are needed to protect the public."
 {¶ 16} A review of the sentencing transcript reveals that the trial court based its decision that consecutive sentences were necessary on a review of appellant's criminal history, the fact that appellant was under supervision in another jurisdiction at the time the offenses were committed, and the fact that the appellant's conduct caused his victims to live in fear.
 III. {¶ 17} After careful review of the record, this Court finds that the trial court clearly made the required findings and provided the necessary reasons for imposing consecutive sentences upon appellant. Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
SLABY, P.J. and BAIRD, J., CONCUR